## Trust Investments in Home Loan Bonds

SAYLOR, Deputy Attorney General, November 28, 1934.—You have asked to be advised whether bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, guaranteed as to interest and principal by the United States Government (I) come within the category of the United States Government obligations designated in the Banking Code for investment and other purposes and (II) are legal investments for trust funds in this Commonwealth.

The Home Owners' Loan Act of 1933, 48 Stat. at L. 129, as amended by the Acts of April 27, 1934, 48 Stat. at L. 643, and June 27, 1934, 48 Stat. at L. 1263, 12 U.S.C. §1463 (c), authorized Home Owners' Loan Corporation to issue bonds in a prescribed amount. The Federal Farm Mortgage Corporation Act of

January 31, 1934, 48 Stat. at L. 345 (as amended by the Act of April 27, 1934, 48 Stat. at L. 647), 12 U.S.C. §1020(c), likewise authorized Federal Farm Mortgage Corporation to issue bonds in a prescribed amount. Each statute contains the following provisions:

". . . Such bonds shall be fully and unconditionally guaranteed both as to interest and principal by the United States, and such guaranty shall be expressed on the face thereof, and such bonds shall be lawful investments, and may be accepted as security, for all fiduciary, trust, and public funds, the investment or deposit of which shall be under the authority or control of the United States or any officer or officers thereof. In the event that the Corporation shall be unable to pay upon demand, when due, the principal of, or interest on, such bonds, the Secretary of the Treasury shall pay to the holder the amount thereof which is hereby authorized to be appropriated out of any moneys in the Treasury not otherwise appropriated, and thereupon to the extent of the amount so paid the Secretary of the Treasury shall succeed to all the rights of the holders of such bonds. . . ."

The statutes further provide that:

". . . All redemptions, purchases, and sales by the Secretary of the Treasury of the bonds of the Corporation shall be treated as public-debt transactions of the United States. . . ."

Your inquiries will be stated and answered in turn as follows:

I. Are bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, guaranteed as to principal and interest by the United States Government, obligations of the government within the terms of the Banking Code?

Various sections of the Banking Code of May 15, 1933, P. L. 624, refer to United States Government obligations as the subject for investment of bank funds, acceptance as collateral, etc., as follows:

Section 908(c) provides that the reserve fund of banks, bank and trust companies, and private banks shall be invested in "bonds or other interest-bearing obligations of the United States".

Section 1006(a), limiting loans which a bank or a bank and trust company shall make to one corporation or person, provides that such restriction has no application to:

"(1) Loans to the United States, or loans secured by not less than the face amount of bonds or other interest-bearing obligations of the United States, or bonds or other interest-bearing obligations for the payment of the principal and interest on which the faith and credit of the United States is pledged."

Section 1007, imposing restrictions on loans to directors, officers, or employes of a bank or bank and trust company, provides that such restriction shall not operate with respect to loans secured by not less than a like amount of "bonds or other interest-bearing obligations of the United States".

Section 1108, providing for the segregation and designation of trust funds and the deposit of uninvested trust funds safeguarded by pledge of securities, provides that such pledge shall consist, inter alia, of "interest-bearing bonds or other obligations of the United States".

Section 1111 limits the purchase of assets from its commercial department by a bank and trust company with fiduciary funds and the exchange of assets of the commercial department for trust assets. The section provides that such limitation shall not apply in the case of "bonds or other interest-bearing obligations of the United States".

Section 1208(a), designating the authorized investments of savings banks not under special charter, includes:

"(1) Bonds or other interest-bearing obligations of the United States, or those for the payment of the principal and interest on which the faith and credit of the United States is pledged, including the bonds or other interest-bearing obligations of the District of Columbia."

Bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, issued under the provisions of the acts of Congress respectively creating these corporations, are not, in the first instance, obligations of the United States. However, they are obligations of corporations created by Congress as agencies of the Federal Government. Unquestionably they become obligations of the Government, if the corporation issuing the bonds fails to pay the principal and interest due thereon.

The bonds are backed by the credit of the Federal Government. The Secretary of the Treasury is required by law to pay not only the interest due on the bonds, but as well the principal amount thereof in the event that the corporation itself fails to make such payment. The bonds are consequently at least secondary obligations of the United States.

Having reached this conclusion, we do not believe it necessary to discuss the distinction in the phraseology of the various sections of the act referred to between "obligations of the United States" and "obligations for the payment of the principal and interest of which the faith and credit of the United States is pledged."

In our opinion, therefore, bonds of Home Owners' Loan Corporation and of Federal Farm Mortgage Corporation, the interest and principal of which are guaranteed by the United States Government, are "bonds or other interest-bearing obligations of the United States" within the meaning of that phrase as used in sections 908 (c), 1006 (a), 1007, 1008, 1111, and 1208 (a) of the Banking Code of 1933.

II. Are bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, guaranteed as to principal and interest by the Federal Government, legal investments for trust funds in the Commonwealth?

Section 41 (a) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447, as last amended by the Act of April 26, 1929, P. L. 817, provides, inter alia, that trust funds may be invested "in the stock or public debt of the United States".

At first blush, it would seem that bonds of corporations such as Home Owners' Loan Corporation or Federal Farm Mortgage Corporation are not part of the stock or public debt of the United States. However, by virtue of the provisions in the acts creating these corporations whereby the United States Government guarantees payment of the interest and principal of the bonds, they become far more than mere obligations of the corporations issuing them. For the payment of the principal and interest on these bonds, the faith and credit of the United States is pledged. The question arises, does that pledge constitute the bonds a part of the "stock or public debt of the United States"?

In the opinion of the Attorney General of the United States of August 22, 1933 (Prentice-Hall Federal Bank Service, sec. 7086), the validity of the Home Owners' Loan Corporation Act was sustained. The Attorney General, in passing upon the constitutionality of the provision of the act providing for guaranty by the United States of interest due on bonds for the corporation, sustained the validity of the provision on two grounds. They are, first, that article I, sec. 8, cl. 1, of the Federal Constitution authorizes Congress to levy taxes to "pay the Debts" of the United States, and, second, that clause 2 of the same section authorizes Congress to "borrow Money on the credit of the United States."

If in the opinion of the Attorney General of the United States the validity

of the guaranty provision in the Home Owners' Loan Corporation Act is derived from the authority of Congress to pay debts of the United States, it may logically be assumed that the obligation of the United States to pay the principal and interest due on bonds of corporations created by the Federal Government constitutes such obligations a part of the "public debt" within the provisions of the Fiduciaries Act.

Furthermore, in his opinion of September 14, 1934, the Attorney General advised the Secretary of the Treasury that no condition may be implied in any way limiting the guaranty of the Federal Government stated by the respective statutes as full and unconditional.

Each bond of the respective corporations, issued pursuant to the provision guaranteeing payment of the principal thereof by the Federal Government, bears on its face, over the signature of the Secretary of the Treasury, these words: "This bond is fully and unconditionally guaranteed both as to interest and principal by the United States."

The Attorney General then proceeds to say:

"The guaranty being stated by the statute as full and unconditional, there is no occasion to consider whether a condition should be implied. The separate provision that the Secretary of the Treasury shall pay if the corporation is unable to pay upon demand is no part of the guaranty, but merely a provision for carrying it out in the only reasonably conceivable contingency that would require such action.

"Considering the foregoing, it is my opinion that if either corporation should fail, upon demand by a bona fide and accredited holder, to pay either principal or interest when due, the United States would thereupon become obligated to make such payment and its obligation would not be conditioned upon the institution of any proceeding by the bondholder against the corporation."

Furthermore, the Home Owners' Loan Act of 1933, as amended by the Acts of April 27, 1934, and June 27, 1934, and the Federal Farm Mortgage Corporation Act of January 31, 1934, as amended by the Act of April 27, 1934, both provide that, as above stated, redemptions of the bonds of these corporations by the Secretary of the Treasury shall be treated "as public-debt transactions of the United States."

In our opinion, in which we are supported by the Attorney General of the United States, both acts constitute declarations by Congress that it considers the obligations of the respective corporations carrying the guaranty of the Federal Government as part of the public debt of the United States.

Reference to section 41(a)1 of the Fiduciaries Act of 1917 evidences the intention of the legislature that funds in the hands of a fiduciary shall be invested only in securities of such character and type as to assure safety to the investment. The categories include, in addition to the stock or public debt of the United States, the public debt of the Commonwealth, the direct and general obligations of subdivisions thereof, first mortgages on real estate in Pennsylvania not exceeding in amount two thirds of the fair value thereof, mortgage bonds likewise secured, and trust certificates backed by securities of the type in which trust funds may be invested, as stated.

In our opinion, the act of assembly is not violated by interpreting its provisions to comprehend, in the category "stock or public debt of the United States" bonds issued by an agency of the United States and fully guaranteed as to interest and principal by the Government of the United States. Accordingly, we advise you that bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, the principal and interest of which are guaran-

teed by the Government of the United States, are legal investments for trust funds in this Commonwealth.

*Summary*

Therefore, you are advised that bonds of Home Owners' Loan Corporation and Federal Farm Mortgage Corporation, guaranteed as to principal and interest by the United States are:

1. "Bonds or other interest-bearing obligations of the United States", as that phrase is used in the Banking Code of 1933; and

2. Legal investments for trust funds in this Commonwealth.

From C. P. Addams, Harrisburg, Pa.